IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FRANK R. REARDEAN,

    Plaintiff,

-vs-

FEDERAL HOME LOAN MORTGAGE CORPORATION; CITIMORTGAGE, INC.; and NORTHLAND FUNDING GROUP L.P. d/b/a Capital Mortgage Services,

    Defendants.

Case No. A-13-CA-1059-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants CitiMortgage, Inc., and Federal Home Loan Mortgage Corporation's Motion to Dismiss [#5]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is a lawsuit brought by Plaintiff Frank Reardean in order to reverse a foreclosure sale. This is the second lawsuit Reardean has filed in an attempt to maintain possession of the property at issue, and the first was dismissed by this Court for, among other reasons, asserting the flawed "split-the-note" theory. *See Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *3–5 (W.D. Tex. July 25, 2011).

On June 17, 2005, Reardean executed a Note and Deed of Trust securing real property located at 12124 Barrel Bend, Austin, Texas 78748 (the Property). Reardean subsequently defaulted on the loan, and the Property was sold at a foreclosure sale on February 1, 2011.

Reardean filed the instant lawsuit in Travis County District Court on December 10, 2013, arguing Defendant Northland Funding Group, L.P. (Northland) engaged in fraud when it told him it was lending "its money" when it allegedly was not doing so. Reardean alleges Northland "did not operate with clean hands or in good faith" because it failed to disclose the source of the loan transaction and because it failed to disclose the loan would be transferred or sold as a security. *See* Not. Removal [#1-3], Ex. A (Pl.'s Orig. Pet.), at 7. Reardean argues these undisclosed transfers split the Note and Deed of Trust because "there was never any concurrent assignment" of the Deed of Trust, making "any and all interests possessed by Northland . . . invalid, null and void." *Id.*

Reardean concedes he defaulted on his loan, but contends the default was a result of CitiMortgage, Inc.'s refusal to honor the "Over 65 Tax Exemption" he allegedly obtained from the Travis County taxing authority. Reardean further asserts Citimortgage's payment of taxes and placement of an escrow account on the loan were improper because the loan was allegedly not assigned to Citimortgage until July 21, 2010.

In his Original Petition, Reardean brings claims against Defendants CitiMortgage, Federal Home Loan Mortgage Corporation (Freddie Mac), and Northland for fraud and violations of 15 U.S.C. § 1641(g) (the Truth in Lending Act or TILA). He seeks declaratory and injunctive relief. Defendants CitiMortgage and Freddie Mac removed the case to federal court, and filed a motion to dismiss all claims on December 30, 2013. Reardean did not file a response.

## Analysis

As an initial matter, the Court notes Reardean has failed to respond to Defendants' Motion to Dismiss, filed on December 23, 2013, and therefore the Court grants Defendants' motion as unopposed. *See* Local Rule CV-7(e)(2). Nevertheless, the Court briefly addresses the merits of the motion.

### I.     Rule 12(b)(6)—Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a motion to dismiss under 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish

more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," that must be performed in light of a court's "judicial experience and common sense." *Id.* at 679. In deciding a motion to dismiss, courts may consider the complaint, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.   Application

### A.   Split-the-Note Theory

Despite this Court dismissing Reardean's previous lawsuit based on his assertion of the split-the-note theory, he is undeterred and makes the same argument in this lawsuit. Of course, the Fifth Circuit has clearly established the split-the-note theory is "inapplicable" under Texas law. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–56 (5th Cir. 2013). Therefore, the Court rejects Reardean's contention "any and all interests possessed by Northland became invalid, null and void" when "there was never any concurrent assignment . . . of the subject deed of trust." *See* Orig. Pet., at 7. The Note and Deed of Trust are not "null and void," as the result of any split, and CitiMortgage validly foreclosed following Reardean's admitted default.

### B.   Fraud

Reardean's fraud claim appears to center on the theory Northland told Reardean it would be lending "its money" to him, but Northland did not actually lend "its money." Orig. Pet., at 9–10. Based on this alleged fraud, Reardean argues the Note, Deed of Trust, and other loan documents do not constitute a lawful binding contract, and they are null and void. *Id.* According to Reardean, any contract would be unconscionable and unilateral in its very nature. *Id.* Relatedly, Reardean contends

Northland "compounded" its fraud by not fully disclosing the fact the loan could be transferred to third parties. *Id.* Reardean only asserts the fraud claim specifically against Northland, but because Reardean argues Northland's fraud renders the Note and Deed of Trust invalid, Defendants CitiMortgage and Freddie Mac move to dismiss these fraud claims. In addition, Northland has not been served, nor has it appeared in this case.

In Texas, common-law fraud occurs when: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant (a) knew the representation was false or (b) made the representation recklessly, as a positive assertion, and without knowledge of its truth; (5) the defendant made the representation with the intent plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *In re FirstMerit Bank*, 52 S.W.3d 749, 758 (Tex. 2001).

Reardean's fraud allegations fail because they do not satisfy even a generous reading of the elements of fraud. The supposed representation at issue is Northland's statement to Reardean it was lending "its money" when it allegedly was not. Reardean, however, acknowledges he received the funds of the loan agreement, and began to make timely payments until he eventually defaulted. The Court has no idea how the source of the funds is material or relevant, and Reardean does not include an explanation in his pleadings. Nor does Reardean explain how he relied on this alleged misrepresentation or how this reliance caused him injury. The same analysis can be applied to his related contention Defendants failed to disclose the loan could be transferred to third parties. Moreover, the Deed of Trust expressly provides for its transfer. *See generally* Orig. Pet., Ex. A (Deed of Trust) (referring to "Lender's successors and assigns" throughout). Reardean's allegations

concerning Northland's alleged misrepresentations simply fail to satisfy the basic contours of a fraud cause of action.

Alternatively, Reardean's fraud claims are barred by the statute of limitations. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Under Texas law, the limitations period for a fraud action is four years. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4); *see also Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 216 (Tex. 2011).

In the instant case, the Deed of Trust was executed on June 17, 2005, and Reardean filed the present lawsuit on December 10, 2013. More than eight years have passed, and Reardean offers no reason why the statute of limitations should have been tolled. Therefore, his fraud claim is time barred.

## C. TILA

Reardean alleges Defendants violated 15 U.S.C. § 1641(g) by failing to record a transfer of the loan into a securitized trust in the "Travis County Records within 30 days" of the transfer and by failing to provide him with notice the loan had been assigned. Orig. Pet., at 10–11. Neither TILA nor Texas law, however, required Defendants to record all transfers of the Deed of Trust. Texas is a permissive recording state, and "Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments." *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 755 (N.D. Tex. 2013) (citation omitted); *Herrera v. Wells Fargo Bank, N.A.*, No. H-13-68, 2013 WL 961511, at *9 (S.D. Tex. Mar. 12, 2013) ("The failure to . . . record the assignment of the deed of trust when it was executed, and the

foreclosure before the assignment was recorded, do not as a matter of law give rise to a [] claim."). Therefore, Defendants were not obligated to record any transfers of the Deed of Trust or Note, and their alleged failure to record any such transfers cannot support a claim.

Alternatively, Reardean's TILA claim is barred by the statute of limitations. "Any action [for damages] under [TILA] may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Here, the alleged TILA violation accrued either when the loan was transferred in June 2005 or when the assignment was executed and recorded in 2010. Therefore, Reardean's TILA claim is time barred.

In the alternative, § 1641(g) was enacted in May 2009, and it does not apply to violations which occurred prior to its enactment. *See Edwards v. Ocwen Loan Servicing, LLC*, No. 9:10CV89, 2012 WL 844396, at *8 (E.D. Tex. Mar. 12, 2012). Reardean alleges: "following the closing in June 2005, Northland sold, transferred, and/or assigned the promissory note and/or the rights to receive payments on the loan to unknown and unidentified investors." Orig. Pet., at 7. Therefore, taking Reardean's allegations as true, the transfer of the loan occurred before the enactment of § 1641(g), and his TILA claim fails on this ground as well.

## Conclusion

Reardean's allegations rely on rejected legal theories, and he fails to state causes of action for fraud and TILA violations. Therefore, all claims against Defendants must be dismissed. Defendants CitiMortgage and Freddie Mac are the parties who actually brought the motion to dismiss, leaving Northland as the only remaining Defendant. The docket sheet from the state court proceedings does not indicate Northland was ever served nor did they make an appearance.

Similarly, Northland has not been served nor has it made an appearance since CitiMortgage and Freddie Mac removed the case to federal court. There is no indication Northland has legal representation. Reardean's allegations against Northland, however, are intrinsically linked to those claims against CitiMortgage and Freddie Mac, and the Court sees no viable claim against Northland based on Reardean's pleadings. Considering this situation, and the fact Reardean seems uninterested in prosecuting this case given he has failed to respond to the motion to dismiss or make any filing since his Original Petition, the Court dismisses all claims against Defendants CitiMortgage, Inc., and Federal Home Loan Mortgage Corporation, closing this case. Therefore, this is a final judgment as Northland has never been served, and has never a party in this case.

Moreover, as noted above, this is Reardean's second lawsuit concerning this same foreclosure, this same property, and these same parties. Reardean has had ample opportunity to allege facts which would support a claim upon which relief could be granted. He has failed to do so, and the Court concludes allowing Reardean time to amend the complaint would be futile. Indeed, Reardean appears uninterested in further litigating this matter. Therefore, the Court dismisses all claims with prejudice.

Accordingly,

    IT IS ORDERED that Defendants CitiMortgage, Inc., and Federal Home Loan Mortgage Corporation's Motion to Dismiss [#5] is GRANTED;

IT IS FINALLY ORDERED that Plaintiff Frank Reardean's claims against Defendants CitiMortgage, Inc., and Federal Home Loan Mortgage Corporation, are DISMISSED WITH PREJUDICE. This is a final judgment.[1]

SIGNED this the 21st day of February 2014.

                                                *Sam Sparks*
                                                SAM SPARKS
                                                UNITED STATES DISTRICT JUDGE

---

[1] Defendant Northland Funding Group L.P. has not been served, and has never been a party in this case.